OPINION
Defendant-appellant Terrence M. Bowers appeals from his conviction and sentence for Felonious Sexual Penetration, in violation of R.C.2907.12(A)((1)(b), Sexual Battery, in violation of R.C. 2907.03(A)(5), and Attempted Sexual Battery, in violation of R.C. 2907.03(A)(5) and R.C. 2923.02. He contends that the evidence in the record is insufficient to support the convictions for Felonious Sexual Penetration and Attempted Sexual Battery. He also contends that the trial court erred in imposing consecutive sentences.
We conclude that there is sufficient evidence to support the conviction for Felonious Sexual Penetration, but that the State did not present sufficient evidence to support the convictions for Attempted Sexual Battery. We further conclude that the trial court erred in imposing consecutive sentences, because it failed to comply with the requirements of R.C. 2929.14(E). Accordingly, the judgment of the trial court is Reversed, Bowers is Discharged with respect to the two Attempted Sexual Battery charges, and this cause is Remanded for re-sentencing on the Felonious Sexual Penetration and Sexual Battery charges.
 I
Bowers was indicted on one count of Rape with regard to his step-daughter, J.N. He was also indicted on two counts of Attempted Sexual Battery and four counts of Sexual Battery pertaining to his step-daughter, K.N. Subsequently, the Rape charge was dismissed, and Bowers was indicted on one count of Felonious Sexual Penetration involving J.N.
Following a jury trial, Bowers was convicted on all charges. He was later sentenced to five to twenty-five years on Count I (Felonious Sexual Penetration), one year on Count II (Attempted Sexual Battery), one year on Count III (Attempted Sexual Battery), five years on Count IV (Sexual Battery), five years on Count V (Sexual Battery), one year on Count VI (Sexual Battery) and one year on Count VII (Sexual Battery). The trial court ordered that the sentences for Counts I, IV and V be served consecutively with each other, and that the sentences for Counts II, III, VI, and VII be served concurrently with each other and concurrently with Counts I, IV and V. These sentences aggregated a "total term of ten (10) years, plus the minimum term of five (5) years to a maximum term of twenty-five years."
From these convictions and sentences, Bowers appeals.
 II
Bowers' First Assignment of Error is as follows:
 THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO CONVICT DEFENDANT OF A VIOLATION OF OHIO REVISED CODE § 2907.12(A)(1)(b), FELONIOUS SEXUAL PENETRATION.
Bowers contends that there was insufficient evidence to support his conviction for Felonious Sexual Penetration, because the State failed to prove that he inserted a part of his body into the victim's vaginal or anal cavity.
Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Thompkins (1997), 78 Ohio St.3d 380. In considering the sufficiency of the evidence, the key question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Felonious Sexual Penetration is defined in R.C. 2907.12, which reads in pertinent part as follows:
 (A)(1) No person, without privilege to do so, shall insert any part of the body * * * into the vaginal or anal cavity of another who is not the spouse of the offender * * * when any of the following applies:
* * *
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
Bowers' argument is based upon his contention that the victim's testimony did not provide a basis for a finding that he inserted any part of his body into the victim's vagina or anal cavity as required by R.C.2907.12(A)(1).
The following testimony is relevant to this issue:
Q: Okay. Where did he touch you?
A: Private area.
 Q: Okay. Well, there's — there's different private areas on — on a girl's body. Can you tell us which area you're talking about?
A: The lower part.
Q: The lower part?
A: (Nods head).
Q: Okay. What — what do you call that part?
A: Crotch.
Q: Crotch?
A: (Nods head).
Q: That's what you call it?
A: (Nods head).
 Q: Okay. Was he touching you on top of your clothing or underneath your clothing?
A: Underneath.
 Q: Okay. And you said he was talking to you. Do you remember what he was saying?
A: Hu-huh.
 Q: Okay. [J.N.], when he touched you in your crotch area, was his hand or — or his fingers inside or outside of your crotch?
A: Inside.
Bowers argues that the State failed to prove beyond a reasonable doubt that the victim was referring to her vagina or anal cavity when she used the word "crotch." In support, he notes that the word "crotch" refers to "the angle formed by the parting of the legs," and does not include vagina or anus as part of its meaning. See, Webster's Ninth New Collegiate Dictionary (1988) 310.
The victim might have described the offense in more precise terms. However, she did specifically testify that Bowers touched her underneath her clothing. Of more significance, when asked if Bowers' fingers were inside or outside of her crotch, the victim testified that his fingers were inside. Under the dictionary definition cited by Bowers, a crotch would have no inside or outside. In view of the fact that the child responded to the inside-or-outside question by testifying that Bowers had his fingers inside her crotch, we conclude that this testimony supports a reasonable inference that Bowers penetrated the victim's vagina.
Viewing the evidence in a light most favorable to the State, as we must, we conclude that a rational trier of fact could have found all the essential elements of the offense of Felonious Sexual Penetration to have been proved beyond a reasonable doubt. Therefore, the First Assignment of Error is overruled.
 III
The Second Assignment of Error states:
 THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO CONVICT APPELLANT OF VIOLATING OHIO REVISED CODE § 2923.02 AND § 2907.03, ATTEMPTED SEXUAL BATTERY.
Bowers contends that the evidence was legally insufficient to support his two convictions for Attempted Sexual Battery.
Sexual Battery is defined in R.C. 2907.03, which reads, in pertinent part, as
follows:
 (A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
* * *
 (5) The offender is the other person's * * * stepparent * * *.
R.C. 2907.01(A) defines "sexual conduct" as:
 vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another.
R.C. 2923.02 defines an "attempt" as follows:
 No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense.
In this case, the victim testified that she and Bowers had intercourse on one occasion. She also testified that she engaged in oral sex with Bowers, and that he had placed his finger in her vagina. Bowers was convicted of multiple counts of Sexual Battery for these acts.
With regard to the two counts of Attempted Sexual Battery, the victim testified that, aside from the one time she had intercourse with him, Bowers had attempted to engage in intercourse on other occasions, but was unable to do so.
The victim went on to testify as follows:
 Q: So when you — when you say that he was having problems, I guess, having an erection, were there — was there another time that that happened when he wasn't able to do so?
A: Yes.
 Q: Well, what — what would happen when he wasn't able to do that?
A: We didn't do nothing. Nothing happened.
Q: But he tried?
A: Not really, no.
 Q: Well, what would happen — how are you aware that — that that problem arose? I mean, was — was he getting ready to do something with you?
A: Sometimes, yeah, sort of.
Additionally, according to the briefs of both the State and Bowers, Bowers gave a video-taped statement to the police in which he admitted that he tried to have intercourse with K.N. on three occasions but was unsuccessful. However, there is insufficient evidence in this record that Bowers performed an act "constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." State v. Woods (1976), 48 Ohio St.2d 127, first paragraph of syllabus. K.N. testified that on the occasions when he was unable to have sex with her, nothing happened, and that Bowers did "not really" try to have sex with her. In other words, as far as the evidence in this record demonstrates, Bowers may have merely stated a desire to have intercourse, but not taken any other action to accomplish the deed, upon finding himself unable to perform. This evidence falls short of proving an attempt.
Bowers' Second Assignment of Error is sustained.
 IV
Bowers asserts the following as his Third Assignment of Error:
 THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY IMPOSING CONSECUTIVE SENTENCES.
Bowers contends that the trial court failed to make the findings mandated by R.C. 2929.14(E) for the imposition of consecutive sentences.
We have previously addressed the requirement that the trial court state its findings when imposing consecutive sentences in State v. Johnson (May 11, 2001), Montgomery App. No. 18383, unreported, wherein we stated:
 In order to impose consecutive sentences, R.C. 2929.14(E)(4) provides a two-tier analysis that the trial court must consider. First, the court must find:
 that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, * * *.
Once the court finds that these factors have been satisfied, it must also find at least one of the following applies:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a [community control sanction] or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 Further, R.C. 2929.19(B)(2)(c) explicitly requires the trial court to make findings incorporating its reasons for imposing consecutive sentences under R.C. 2929.14. In other words, the trial court must conduct the above analysis and give reasons supporting its findings on the record prior to sentencing the defendant. The judgment of the trial court will be reversed if these findings are not explicitly made.
Id., citations omitted, emphasis added.
In the case before us, a review of the transcript of the sentencing hearing and the trial court's judgment entry of conviction reveals that the trial court specifically found, pursuant to R.C. 2929.14(E)(4)(c), that "the harm caused by the defendant was so great or unusual that no single prison term for any of the offenses committed as a part of a single course of conduct adequately reflects the seriousness of the defendant's conduct." However, the record also reveals that the trial court failed to consider the first tier of the R.C. 2929.14(E) analysis — it failed to set forth any finding that the consecutive sentence is necessary to protect the public from future crime or to punish the offender, which is necessary in addition to a finding that consecutive sentences are not disproportionate to the seriousness of the offender's.
The trial court ordered that Count I, Count IV and Count V be served consecutively to each other, but concurrently with the sentences for the remaining counts. We note that Count I involved one victim, J.N., while Counts IV and V involved the other victim, K.N. Furthermore, the offense for which Bowers was convicted in Count I occurred prior to July 1, 1996, and thus, predates the current sentencing guidelines established by Senate Bill 2.
We conclude that the trial court did err to the extent that it ordered the sentences on Counts IV and V to be served consecutively, either to each other, or to the sentence imposed on Count I, since Counts IV and V are covered by the current sentencing guidelines, which require the finding that the trial court failed to make. Accordingly, the Third Assignment of Error is sustained. This matter is remanded for re-sentencing in accordance with the guidelines.
 V
The First Assignment of Error being overruled, and the Second and Third assignments of error having been sustained, the judgment of the trial court is Reversed, Bowers is ordered Discharged with respect to the Attempted Sexual Battery charges comprising Counts II and III of the indictment, and this cause is Remanded for re-sentencing.
WOLFF, P.J., and YOUNG, J., concur.